# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 18-30250
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICHARD WALTER BOREK, JR.,

Defendant - Appellant

————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:17-CR-183-1

————————

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Richard Walter Borek, Jr., pleaded guilty to wire fraud, under 18 U.S.C. §1343, for defrauding his employer of more than $2.5 million in falsified sales of cell phones and computer equipment. He contests the district court's imposition of, *inter alia*, 160 months' imprisonment within the advisory Sentencing Guidelines range, claiming his sentence is substantively unreasonable.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-30250

In the presentence investigation report (PSR), Borek received a 16-level increase to his base-offense level, and was assessed a criminal history score of VI, resulting in a total Guidelines sentencing range of 100 to 125 months. When he failed to appear for his initial sentencing hearing, however, the district court found he violated his terms of release and issued an arrest warrant.  Once he was apprehended, the PSR was revised to, *inter alia*, include an enhancement for obstruction of justice due to his failure to appear, and the Guidelines sentencing range was reassessed to 151 to 188 months.

Borek contends his sentence was substantively unreasonable because of, among other things, his gambling addiction, the non-violent nature of his offense, and his loss of his home, family, and friends.  Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  Because Borek does not assert any procedural error, our review is only for abuse-of-discretion in determining whether his sentencing is substantively unreasonable.  *E.g.*, *Gall,* 552 U.S. at 51.

The district court reviewed Borek's claims in support of a lesser sentence but decided a 160-month sentence was appropriate.  "Appellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under [the 18 U.S.C.] § 3553(a) [sentencing factors]

No. 18-30250

with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Accordingly, a sentence imposed within the advisory Guidelines sentencing range is presumptively reasonable. *United States v. Washington*, 480 F.3d 309, 314 (5th Cir. 2007). Such a presumption is rebutted only by showing the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Because Borek can show none of these, he has not rebutted the presumption of reasonableness applicable to his sentence. *See Washington*, 480 F.3d at 314.

AFFIRMED.